UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

United States Courts
Southern District of Texas
FILED

MAY 12 2021

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| KENDALL MERRIWEATHER | § |
| | § |
| PLAINTIFF, | § CIVIL ACTION NO. _____ |
| | § |
| vs. | § |
| | § |
| VGXI INC. | § |
| AND | § |
| INSPERITY INC. | § **JURY DEMANDED** |
| | § |
| DEFENDANTS. | § |

## COMPLAINT

### I. INTRODUCTION

(1)   This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff, Kendall Merriweather, hereinafter "Merriweather", who makes complaint. Merriweather makes complaint, and has damages for violations of race, color, national origin and sex discrimination. Merriweather also has damages for retaliation. Merriweather has damages under the authority of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, as amended in 1991, 42 U.S.C. §1981 hereinafter, "CRA 1991". Further Merriweather also has a cause of action for damages protected under the Equal Pay Act of 1963, 29 U.S.C. 206(d) hereinafter "EPA" under the Federal Labor Standards Act §206, *et seq.* Finally Merriweather has damages protected under the Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C Chapter 126 §12102 *et seq.*, hereinafter "ADA" Within the scope of the underlying Equal Employment Opportunity Commission, hereinafter "EEOC", charge of discrimination, Merriweather alleged his causes of action for breaches of wage discrimination

under the EPA and for retaliation under all the above named acts. Finally, Merriweather also states he has a cause of action and damages for breaches of the Civil Rights Act of 1866 and of the common law.

## II. *JURISDICTION*

(2)   The jurisdiction of the Court over this controversy is based upon the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., as amended in 1991("CRA 1964"), via 28 U.S.C. §1331 and 28 U.S.C. §1343.

## III. *VENUE*

(3)   The unlawful employment practices, alleged below, were committed within the state of Texas, County of Montgomery. Accordingly, venue lies in the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. §1391(b).

## IV. *PARTIES*

(4)   Kendall Merriweather, Plaintiff herein, was an employee of Defendant VGXI, Inc., hereinafter "VGXI".

(5)   Kendall Merriweather is a male of African descent. At the time of the illegal actions, by the VGXI and Insperity, Merriweather was employed as a Material Handler III at VGXI. Merriweather is a resident of Harris County and the state of Texas.

(6)   VGXI with the willful assistance of Insperity Inc., hereinafter "Insperity" VGXI's contract Human Relations subcontractor, is a full service Contract Development and Manufacturing Organization (CDMO) that produces DNA plasmids for human clinical trials, virus production, toxicology studies and pre-clinical research with a location in The Woodlands area. VGXI is a private for profit, and therefore is authorized to file suit and can be sued, and maintains operations primarily in Montgomery County, Texas. It was from these operations, that Merriweather had worked since August 1, 2016 until September 12, 2019 and was employed for over three(3) years with VGXI.

(7)   VGXI and Insperity are corporate entities in the state of Texas, as defined in, the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., as amended in 1991, ("CRA 1964") and the Civil Rights Act of 1866 §1981("CRA 1866"). VGXI and Insperity have employed twenty (20) or more employees for each working day in each of twenty(20) or more calendar weeks in the current or preceding calendar year, at all of its locations in question. VGXI and Insperity is "an employer" within the meaning of, the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., as amended in 1991("CRA 1964").

## V. *STATEMENTS OF FACTS*

(8) Merriweather worked for VGXI as a Raw Material Technician I, promoted to Raw Material Technician II, and promoted to Raw Material Technician III and then a Material Handler III from August 1, 2016 until September 12, 2019.

(9) Merriweather has no known medical condition prohibiting him from performing his duties.

(10) Merriweather is qualified for the Material Handler III position; the title of the last position which Merriweather was employed by VGXI. Merriweather received above average performance reviews in calendar years 2016, 2017 and 2018. The performance review in 2019 was not completed with or reviewed with Merriweather.

(11) Merriweather began having issues from his Manager (Ramu Rameswaran, India descent, female and fortyish) and Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) after Merriweather made a verbal complaint using VGXI's Open Door Policy. This complaint was concerning the bonus structure that was not followed on or about April 22, 2019. This complaint initiated Merriweather's protected class status under all the civil rights acts identified in (1) above.

(12) All Defendants collectively, in active or passive collusion, by act and/or omission performed many illegal acts, in order to discriminate/retaliate against Merriweather. The unlawful acts by VGXI and Insperity in violation of Merriweather's civil rights, where Merriweather was treated less favorable than other employees doing the same work not in a protected class, or in a different protected class and doing the same work. These illegal acts include but are not limited to:

> a) Many instances of not following VGXI's written procedures and policies to Merriweather's detriment.
> 
> 1) Merriweather's promotion was delayed because of the amount of Personal Time Off due to Merriweather's spouse becoming critically ill and Merriweather was providing care for three(3) small children. There were only three(3) incidents and other employees had the same amount or more incidents, but these incidents were not used against them. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy, VGXI's Non-Discrimination and Anti-Harassment Policy, and their Open Door Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish). I was told on October 10, 2017 to wait until midyear 2018. At midyear 2018, I was told to wait again until the end of the year 2018 to be promoted.
> 
> 2) I was not treated the same as other employees, everyone at my position or similar positions had a desk where they could eat their lunch. I had a desk that I could not eat at due to the possibility of ingesting a chemical residue.

This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy, VGXI's Non-Discrimination and Anti-Harassment Policy, and their Open Door Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish). It was not until October 10, 2017 that I was given a desk where I could eat my lunch.

   3) Everyone at my position or similar positions were issued a new computer on October 10, 2017. I was promised the same and still used the same subpar computer until I was constructively discharged. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy, VGXI's Non-Discrimination, Anti-Harassment Policy, and Open Door Policy. The employees involved included: (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish).

          b)    Many instances of VGXI and Insperity creating documentation, as a pretext, to acts of discrimination/retaliation such as using a meeting to discuss issues with Merriweather's behavior by a supervisor, when the behavior discussed did not breach any work rules/policies. This continued as a pattern and practice as a pretext that Merriweather had poor behavior.

          1) Merriweather called in and questioned about texts with a ex-employee violating VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish), October 16, 2017.

          2) Verb team word meeting about all my supposedly mistakes. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy. Verb team word that day was "Outcomes." These meetings were belittling of Merriweather, only two(2) real mistakes out of ten(10) reported on September, 11, 2019.

          3) This September 11, 2019 incident was verbally overheard by another employee. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish) and Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish).

          4) Meeting with Human Resources and Manager, to discuss managers involvement. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy, and Open Door Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish) and Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish). Outcome of the meeting was to have monthly and weekly meetings with Ramu. Those meetings stopped in July 2019 due to management feeling that my concerns were met. October 4, 2017, October 27, 2017, November 9, 2017, and April 22,

2019. Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish) missed meeting dates July 22, 2019 and July 26, 2019.

c) Many instances of Merriweather having to go to Human Resources, just to have management follow VGXI's work policies.

    1) Merriweather called in and questioned about texts with an ex-employee violating VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy. The employees involved included: Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish) on October 16, 2017.

    2) Meeting with Human Resources and Manager, to discuss managers involvement in policy breaches. Violating VGXI's Employee Handbook-Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy, and Open Door Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, Indian, female and fortyish) and Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish). Outcome of the meeting was to have monthly and weekly meetings with Ramu. Those meetings stopped in July 2019 due to management feeling that my concerns were met. October 4, 2017, October 27, 2017, November 9, 2017, and April 22, 2019.. Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish) missed meeting dates July 22, 2019 and July 26, 2019.

    3) Everyone at my position or similar positions were issued a new computer on October 10, 2017. I was promised the same and still used the same subpar computer until I was constructively discharged. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy, VGXI's Non-Discrimination, Anti-Harassment Policy, and Open Door Policy. The employees involved included: (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish).

(13)    VGXI never gave Merriweather any written warnings prior to the date he was escorted out of the workplace location on September 12, 2019.

(14)    VGXI and Insperity openly discriminated against Merriweather, in its administration of pay, transfer and promotion.

    a) Merriweather was delayed from being hired on as a permanent employee from a temporary employee. Everyone else that was hired within two months of temporary employment became a permanent employee. Merriweather was treated less favorable than other employees doing the same work not in a protected class, or in a different protected class and doing the same work. Violating VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy. The employees involved included: (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish). In February 2016 Merriweather was hired as a temporary employee and on August 1, 2016 became a permanent employee.

b) Merriweather's promotion was delayed because of the amount of Personal Time Off due to Merriweather's spouse becoming critically ill and Merriweather was providing care for three(3) small children. There were only three(3) incidents and other employees had the same amount or more incidents, but these incidents were not used against them. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy, VGXI's Non-Discrimination and Anti-Harassment Policy, and their Open Door Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish). I was told on October 10, 2017 to wait until midyear 2018. At midyear 2018, I was told to wait again until the end of the year 2018 to be promoted.

c) Merriweather voiced a complaint concerning the bonus structure that was not followed on or about April 22, 2019. This violated VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy, and Open Door Policy. The employees involved included: Quality Control Manager (Ramu Rameswaran, India descent, female and fortyish), Human Resources Director (Brenda Reichert, Caucasian, Female and fiftyish) and Chief Operating Officer (Dorothy Peterson, Caucasian, Female and fiftyish). There was no official outcome from April 22, 2019 complaint.

d) Merriweather contacted Insperity on July 31, 2019 concerning Merriweather's prior equal pay complaint to VGXI. Insperity's representative Jamela, who would not give last name, or any other identifying information. Insperity also never followed up on Merriweather's equal pay complaint. All these omissions violated VGXI's Employee Handbook, Equal Employment Opportunity Policy and VGXI's Non-Discrimination and Anti-Harassment Policy, and Open Door Policy.

(15) VGXI, with the knowing assistance of Insperity, willfully discriminated against Merriweather, due to race, color, national origin, sex, disability and equal pay, violations and further initiated retaliation, in each discriminatory category, in violation of the Civil Rights laws cited in (1) above, and for no other reason. SEE (11) through (14) above and incorporated by reference.

(16) Merriweather was constructively discharged, after a pretextual Investigation on September 12, 2019 in violation of Merriweather's civil rights protected by all of the civil rights laws identified in (1) above.

(17) After an investigation by the Texas Workforce Commission, completed on September 25, 2019 Merriweather was informed that he could be paid unemployment benefits, as the separation from work was, not due to misconduct connected with Merriweather's work performance.

(18) The charges against VGXI and Insperity are continuing in nature.

## VI. *DAMAGES*

(19) As a direct and proximate consequence of VGXI and Insperity gross negligence, intentional wanton behavior, unlawful and discriminatory employment practices, Merriweather has suffered a loss including but not limited to loss of income, including past and future salaries, insurance benefits, full pension benefits, loss of employment opportunity, other company-sponsored benefits, and other liquidated damages with both prejudgment and post judgment interest. Merriweather has experienced common law pain and suffering, both physical and mental. The cost of reasonable attorney's fees should also be assessed against VGXI and Insperity.

## VII. *STATEMENT OF CLAIM*

(20) Merriweather reavers and incorporates by reference, for all purposes, all of the allegations included in the above paragraphs, 1 through 19, inclusive herein. In addition, Merriweather avers that VGXI and Insperity unlawful and discriminatory practices in his employment on account of his race, color, national origin, sex, equal pay, violations including retaliation, in each discriminatory category, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., as amended in 1991("CRA 1964"), the Civil Rights Act of 1866 §1981("CRA 1866"), and the EPA justifying an award, *inter alia*, of back pay, front pay, loss of benefits, compensatory damages and punitive damages against VGXI and Insperity. Merriweather also has common law tort claims for pain and suffering, both physical and mental, mental anguish, and mental distress.

## VIII. *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

(21) Prior to filing this civil action, Merriweather timely filed a written charge, asserting race, color, sex, national origin and equal pay discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") within the allowed time frame of the most recent violation of law. The EEOC failed to effect voluntary compliance with the requirements of the CRA 1964, CRA 1866, ADA, and EPA on the part of VGXI and Insperity through conciliation, conference, and persuasion. "The Right to Sue" issued on February 12, 2021 and Merriweather has filed this claim within the allowed statutory period.

(22) In conformance with 29 U.S.C. § 626(d), Merriweather has filed this action after the expiration of one hundred eighty (180) days, from the date he filed with the EEOC, and within ninety(90) days of the issuance of the Department of Justice "Right to Sue".

## IX. *PRAYER FOR RELIEF*

(23) WHEREFORE, Merriweather respectfully pray for Judgment against VGXI and Insperity as follows:

(a) For a money judgment representing damages, including compensatory damages, including lost wages, back pay, front pay, at the salary Merriweather would have had, but for the employment discrimination, and all other sums of

money, including retirement benefits and other employment benefits, together with interest on said amounts;

(b)     For a money judgment representing liquidated damages and punitive damages for VGXI and Insperity willful violations of the Civil Rights Act of 1866, Equal Pay Act of 1963, and Civil Rights Acts of 1964;

(c)     For a money judgment for torts committed by the intentional gross negligence of VGXI and Insperity, including amounts for punitive damages;

(d)     For a money judgment representing pre and post judgment interest;

(e)     For an Order directing VGXI and Insperity to cease and desist from the invidious racial, national origin, color, sex, equal pay discrimination and retaliation Merriweather has been subjected to;

(f)     That the Court retain jurisdiction over this action until VGXI and Insperity has fully complied with the Orders of this Court and that the Court require VGXI and Insperity to file such reports as may be necessary to supervise such compliance;

(g)     For an Order commanding Merriweather to regain the position Merriweather should have had at VGXI, at the appropriate salary, as if the illegal discrimination had not occurred;

(h)     For the costs of suit, including an award of reasonable attorneys' fees pursuant to breach of contract, and/or 29 U.S.C. §626(b) and/or §216(b); and/or 42 U.S.C. §2000e-5(k).

(i)     For injunctive relief barring future retaliation, including Merriweather not returning to the Quality Control, Materials Departments or working for any prior supervisors or managers;

(j)     For such other and further relief as may be just and proper.

## X. JURY DEMAND

(24)    Merriweather demands trial by jury of all issues in this action.

Respectfully Submitted,

*Kendall J Merriweather*

P.O. 371
Galveston, Texas 77553
832-640-3645
Kjmerriweather@gmail.com
